Avi Burkwitz, Esq., Bar No.: 280285
Gil Y. Burkwitz, Esq., Bar No.: 289337
**PETERSON, BRADFORD, BURKWITZ GREGORIO, BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
T: 818.562.5800
F: 818.562.5810

Attorneys for Defendant, STANFORD HEALTH CARE (erroneously sued as "STANFORD HEALTH CARE, INC.")

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE K. GODFREY,<br><br>            Plaintiffs,<br><br>   vs.<br><br>REGENTS OF UNIVERSITY OF CALIFORNIA, STANFORD HEALTH CARE, DOCTORS MEDICAL CENTER OF MODESTO, INC., TENET CALIFORNIA INC., DIGNITY HEALTH MEDICAL FOUNDATION, INC. WALMART INC., MCNAUGHTON NEWSPAPERS, INC., ANIMAL LEGAL DEFENSE FUND, INC., LOS ANGELES TIMES, FEDERAL EXPRESS COMPANY, INC., THE UPS STORE, INC., GAGNON VISION MEDICAL GROUP, INC., DENTAL BOARD OF CALIFORNIA, CALIFORNIA BOARD OF PHARMACY, CALIFORNIA BOARD OF BARBERING AND COSMETOLOGY, CALIFORNIA BOARD OF OPTOMETRY, MEDICAL BOARD OF CALIFORNIA, CALIFORNIA PHYSICIANS ASSISTANT BOARD, RAY STONE INC., and DOES 1-50<br><br>            Defendants. | Case No.: 2:23-CV-02068<br>Assigned to the Honorable:<br><br>**DEFENDANT STANFORD HEALTH CARE'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 & 1446**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Complaint Filed: March 6, 2023<br>Trial Date:       TBD |

1

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 & 1446**

p-Ntc of Removal (Fed)_6

**TO ALL PARTIES & THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant, STANFORD HEALTH CARE (erroneously sued as "STANDARD HEALTH CARE, INC") (hereinafter "Defendant"), hereby removes this action from the Superior Court for the State of California, County of Los Angeles, to the United States District Court for the Central District of California. The removal is made pursuant to 28 *U.S.C.* § 1441 and §1446, and is based on the following:

## I. REMOVAL AND VENUE ARE PROPER

Based on the operative pleadings, this civil action apparently arises from allegations of wrongdoing predicated upon violations of the following federal statutes: 18 U.S.C. § 1964, 18 U.S.C. § 1347, 18 U.S.C. § 1341, 18 U.S.C. § 1209, 18 U.S.C. § 1961, 18 U.S.C. § 1956, 18 U.S.C. § 1344, 17 U.S.C. § 106, 17 U.S.C. § 506, 18 U.S.C. § 1958, 18 U.S.C. § 1343, 18 U.S.C. § 1201, 18 U.S.C. § 659. [1] (*See* Plaintiff Diane K. Godfrey's ("Plaintiff") Complaint, a true and correct copy of which is attached hereto as **Exhibit A**.) As Plaintiff's Complaint alleges violations of federal law, the District Court has federal-question jurisdiction over this action. (**Exhibit A**; 28 U.S.C. § 1331.) Further, the District Court also has supplemental jurisdiction over any state law claim that may be alleged pursuant to 28 U.S.C. Section 1367 (i.e. the Twenty Fifth through Thirtieth (25th, 26th, 27th, 28th, 29th and 30th) causes of action), because those claims are presumably based on the same facts, events, transactions, and concurrences as the federal claims, thereby forming part of the same case and controversy. 28 *U.S.C.* § 1367. Thus, Defendant has properly removed this action to this Court pursuant to *28 U.S.C. § 1441(a).*

///

///

///

---

[1] The Complaint also alleges violations of California State Law.

## II.    PROCEDURAL POSTURE

On or about March 6, 2023, Plaintiff commenced this action in the Superior Court of the State of California, County of Los Angeles, entitled *DIANE K. GODFREY VS REGENTS OF UNIVERSITY OF CALIFORNIA STANFORD HEALTH CARE, INC., ET AL.* and DOES 1 through 50, Inclusive, as Superior Court Case No. 23STCV04785. (See **Exhibit A,** Plaintiff's Complaint.)

On March 14, 2023, Plaintiff served her Complaint on Defendant. (See Declaration of Gil Burkwitz, Esq.)

Pursuant to 28 *U.S.C.* §1441, a Defendant has 30 days to remove an action once they have been served with a copy of the Complaint. Accordingly, this Notice of Removal is timely filed within 30 days after Defendant was served with Plaintiff's Complaint. Defendant is unaware as to whether any co-defendant has been served in this action and it is not aware of any objection to the removal of this action by any Defendant. *See Hewitt v. City of Stanton*, 798 F2d 1230, 1232 (9th Cir. 1986). (*See* Decl. of Gil Burkwitz, Esq. at ¶ 5.)

Lastly, in accordance with 28 U.S.C. § 1446(a), documents served on Defendant for this action have been attached to the declaration of Gil Burkwitz, Esq. (*See* Decl. of Gil Burkwitz, Esq. and accompanying Exhibits.)

## III.    FEDERAL QUESTION JURISDICTION

A case may be removed from state to federal court if the action could have been originally commenced in federal court. 28 *U.S.C.* § 1441(a); *Grubbs v. General Electric Credit Corp.*, 405 US 699, 702 (1972). The propriety of removal is determined at the time the petition for removal is filed by reference to the plaintiff's complaint filed in state court. *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 343-344 (3d Cir. 1974). When the complaint states a claim invoking the original jurisdiction of the federal court, the action is removable. *Id.* Under the Judicial Code, federal district courts have original jurisdiction in the district courts over all actions brought under 42 *U.S.C.* § 1983. See, 28 *U.S.C.* § 1343(a)(3). Moreover, the Code

confers original jurisdiction in the district courts over all actions involving federal questions. See, 28 *U.S.C.* § 1331.

Here, Plaintiff's Complaint alleges twenty-five (25) claims invoking federal question jurisdiction, based on the alleged violations of: 18 U.S.C. § 1964, 18 U.S.C. § 1347, 18 U.S.C. § 1341, 18 U.S.C. § 1209, 18 U.S.C. § 1961, 18 U.S.C. § 1956, 18 U.S.C. § 1344, 17 U.S.C. § 106, 17 U.S.C. § 506, 18 U.S.C. § 1958, 18 U.S.C. § 1343, 18 U.S.C. § 1201, 18 U.S.C. § 659. (See **Exhibit A**.)  Accordingly, the District Court has original jurisdiction over Plaintiff's action.

### IV.  SUPPLEMENTAL JURISDICTION

In any civil action over which this Court has original jurisdiction, it also has supplemental jurisdiction over all state claims that are so closely related to the federal claims that they arise from the same controversy.  28 U.S.C. § 1367(a).  When an action originally filed in state court is removed to federal court, the federal tribunal has jurisdiction to determine not only the federal claims but all pendent state claims which derive "from a common nucleus of operate fact."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, as noted above, Plaintiff's Complaint alleges five claims for relief predicated upon violations of California State Law.  (See **Exhibit A**.)  The District Court has supplemental jurisdiction over any state law claim that may be alleged pursuant to 28 U.S.C. Section 1367 (i.e. the Twenty Fifth through Thirtieth (25th, 26th, 27th, 28th, 29th and 30th) causes of action), because those claims are presumably based on the same facts, events, transactions, and concurrences as the federal claims, thereby forming part of the same case and controversy.  28 *U.S.C.* § 1367.

### V.  NOTICE TO THE COURT AND PARTIES

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned will give written notice of such filing to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles,

DEFENDANT'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1441 & 1446

p-Ntc of Removal (Fed)_6

**PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

California.

WHEREFORE, the above-entitled action, now pending in the Superior Court of the State of California, County of Los Angeles, is removed to the United States District Court for the Central District of California.

DATED: March 20, 2023

**PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU**

By: */s Gil Burkwitz, Esq.*
Avi Burkwitz, Esq.
Gil Y. Burkwitz, Esq.
Attorneys for Defendant,
STANFORD HEALTH CARE, INC.

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

5

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 & 1446

p-Ntc of Removal (Fed)_6

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On March 20, 2023, I served the foregoing document described as: **DEFENDANT STANFORD HEALTH CARE'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 & 1446** on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY MAIL:** I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 20, 2023, in Burbank, California.

*/s Chris Silmon*

Chris Silmon

## SERVICE LIST

**RE:** <u>**Godfrey, Diane v. Regents of University of California, et al.**</u>

**Case No.:** 23STCV04785

Diane K. Godfrey, Esq.
Attorney at law
2769 Castle Hill Court, Apt. 34
Sacramento CA 95821

T: (916) 696-6692
E: dianegodfreylaw@gmail.com

**Plaintiff In Pro Per**

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

7

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 & 1446**

p-Ntc of Removal (Fed)_6